FILED

2010 Dec-20  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY CLARK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **5:10-cv-01487-AKK** |
| **RAYMOND F. SCHINAZI,** | ) | |
| **EMORY UNIVERSITY, and** | ) | |
| **ATLANTA VA MEDICAL** | ) | |
| **CENTER,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Before the court is defendant Raymond F. Schinazi's ("Schinazi") Motion to Dismiss, doc. 13,[1] defendant Emory University's ("Emory") Motion to Dismiss, doc. 24, defendant Atlanta Veterans Affairs Medical Center's ("VAMC") Motion to Dismiss, doc. 34, and plaintiff Jeremy Clark's ("Clark") Motion for Leave to File an Amended Complaint, doc. 42. Upon consideration of the record, the submissions of the parties, and the relevant law, Schinazi's Motion to Dismiss, doc. 13, Emory's Motion to Dismiss, doc. 24, VAMC's Motion to Dismiss, doc. 34, are due to be GRANTED, and Clark's Motion for Leave to File an Amended

---

[1]Reference to a document number, "Doc. ___," refers to the number assigned to each document as it is filed in the court's record.

Complaint, doc. 42, is due to be DENIED as futile.

## I. BACKGROUND

*Pro se* plaintiff Clark attempts to bring this action pursuant to this court's diversity jurisdiction.[2]  28 U.S.C. § 1332(a)(1).  Clark, a resident of Birmingham, was previously employed by Pharmasset, Inc., a Georgia corporation.  Doc. 1 ¶¶ 1, 20-21.  Clark alleges that, while he worked for Pharmasset in Georgia, he invented an organic compound known as PSI-6130, which he describes as "a promising treatment and potential cure for infections caused by the hepatitis C virus."  Doc. 1 ¶ 1.  This action arises from Clark's contentions that the defendants have illegally acquired the rights and royalties to PSI-6130 and related compounds.  Doc. 1 ¶¶ 1, 5, 6.

Clark alleges that Schinazi, a resident of Georgia, is the founder of Pharmasset, as well as "a VA Senior Career Scientist employed by both [VAMC]

---

[2]"Federal courts are courts of limited jurisdiction," which only have the power to hear cases authorized by the Constitution or the Congress of the United States.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Congress has conferred diversity jurisdiction on the federal courts in civil actions "between citizens of different states" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  In the complaint, Clark failed to include a statement of the ground for the court's jurisdiction over this action.  This court finds that Clark intended to bring this action pursuant to the court's diversity jurisdiction because Clark, a resident of Alabama, alleges state-law claims against Georgia residents and entities. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

and [Emory], both in Decatur, Georgia." Doc. 1 ¶¶ 2, 20. According to Clark,
Schinazi recruited him to work for Pharmasset in Georgia as a chemist and
"fraudulently acquired Clark's patent rights to PSI-6130 and related compounds in
the form of a pre-invention employment agreement and other assignments." Doc.
1 ¶ 6. Clark further alleges that Schinazi negotiated a license agreement between
Pharmasset, Emory, and VAMC, and that this "license agreement requires
Pharmasset to pay money to Schinazi, Emory, and the VAMC at the time of the
execution of the agreement as well as pay future payments in the form of
milestone and/or royalty payments." Doc. 1 ¶ 27.

Clark pleads the following state-law claims against the defendants:
"fraud/deceit, Ala. Code § 6-5-101 *et seq.*" Count I; "suppression/concealment,
Ala. Code § 6-5-102," Count II; rescission, Count III; unjust enrichment, Count
VI; and conversion, Count VII. Doc. 1 ¶¶ 45-56; 65-70. Clark also seeks a
declaratory judgment finding that the assignment of his rights to PSI-6130 are
void and unenforceable, Count IV, and the creation of a constructive trust upon
Schinazi, Emory, and VAMC for monies generated from PSI-6130 and any related
compounds, Count V. Doc. 1¶¶ 57-64. Lastly, under the claims of
suppression/concealment, Count II, rescission, Count III, and unjust enrichment,
Count VI, Clark also alleges variations of the claim that Schinazi's simultaneous

employment at Pharmasset, Emory, and VAMC "spawned a violation of 18 U.S.C. § 209, 18 U.S.C. § 208 as well as other government standards of ethics such as 5 C.F.R. § 2635.802."  Doc. 1 ¶ 51.

Clark previously sued Pharmasset and Schinazi in this court, filing a complaint nearly identical to this one.  *See Jeremy Clark v. Raymond F. Schinazi, et al.*, No. 5:08-cv-00204-CLS (N.D. Ala. filed Feb. 5, 2008).  In that action, Judge C. Lynwood Smith compelled arbitration of Clark's claims in accordance with the employment agreement entered into by Clark and Pharmasset. *Id*., Docs. 30-31.  Thereafter, Clark filed a separate declaratory-judgment action against Schinazi, seeking a judgment that the arbitration provision is void and unenforceable.  *See Jeremy Clark v. Raymond F. Schinazi*, No. 5:09-cv-01789-SLB (N.D. Ala. filed Sept. 4, 2009).  Chief Judge Sharon Lovelace Blackburn disagreed and dismissed the case, holding that the first action "has in fact *already decided* the matter."  *Id*., doc. 31 at 10-11 (emphasis in original).  Chief Judge Blackburn also denied Clark's attempt to file an amended complaint as "futile." *Id*., doc. 31 at 14.  Notably, Clark did not name Pharmasset as a party to the second action or the present action, which he filed while the second action was still pending.

Turning back to this present action, on July 17, 2010, Schinazi moved to dismiss, asserting that this court lacks personal jurisdiction over him and that venue is improper in this court as to him.  Doc. 13 ¶¶ 2-3.  Regarding this court's lack of jurisdiction, Schinazi submitted an affidavit in which he attested that (1) he is a Georgia resident who has never been an Alabama resident, (2) he mailed a letter, on behalf of Pharmasset, to Clark's Alabama address for the purpose of recruiting Clark to work for Pharmasset, (3) the employment agreement between Clark and Pharmasset was executed in Georgia, (4) the employment agreement lists an Alabama address as the address to which notices to Clark should be sent, (5) the services described in the employment agreement "were intended to be performed by Clark in Georgia and were, in fact, performed by Clark in Georgia," (6) Pharmasset's offices, laboratory, and place of business were located in the Georgia until 2005, when the company relocated to New Jersey, and (7) Clark resided in Georgia when he worked for Pharmasset.  Doc. 15-1 ¶¶ 5-12.  Lastly, Schinazi testified that he does not regularly transact or solicit business in Alabama and has never been licensed by the state of Alabama, had an office or telephone listing here, owned or leased real or personal property here, maintained a bank account here, or generated income from Alabama.  Doc. 15-1 ¶¶ 20-26.

On August 6, 2010, Emory also filed a motion to dismiss and supporting

5

affidavits from Edith C. Murphree ("Murphree"), the Vice President of Finance, and Sarah Cook ("Cook"), a Senior Director in the Office of Development and Alumni Affairs.  Docs. 24 and 25.  In the motion, Emory asserts that (1) this court lacks personal jurisdiction over it, (2) venue is improper as to it, (3) Clark's claims against it are barred by the statute of limitations, and that (4) Clark has failed to state a claim against it for which relief by granted.  Murphree testified, in her affidavit, that Emory is located in Atlanta, Georgia, does not maintain a place of business in Alabama, is not registered to do business here, does not have a registered agent for service of process here, does not maintain any of its institutional bank accounts, investment accounts, or other financial assets here, does not own, lease, or otherwise control any real property here, and that only 8 of Emory's more than 12,000 employees have home addresses located in Alabama. Doc. 25-1 ¶¶ 1-7.  Cook testified, in her affidavit, that the Emory Alumni Association ("EAA") is part of Emory and likewise based in Atlanta, Georgia, that the EAA neither maintains a regular place of business in Alabama nor employs anyone residing in Alabama, and that a local chapter of the EAA is located in Birmingham with all chapter activity occurring on a volunteer basis.  Doc. 25-2 ¶¶ 2-4.

On September 9, 2010, VAMC, an agency of the United States, also filed a motion to dismiss and a supporting affidavit from W. M. Thigpen, the Regional Counsel of VAMC.  Docs. 34 and 34-1.  In the motion, VAMC asserts that (1) Clark failed to allege any valid jurisdictional basis for his claims against the United States, (2) this court lacks subject-matter jurisdiction over this action because Clark failed to file an administrative-tort claim as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a) ("FTCA"), and (3) generally, that Clark failed to state claims against the VAMC upon which relief may be granted. Thigpen testified, in his affidavit, that as of August 26, 2010, a search of the records of the United States Department of Veterans Affairs revealed that Clark had not filed an administrative claim with the department.  Doc. 34-1 ¶¶ 2-3.

On September 30, 2010, Clark filed a Motion for Leave to File an Amended Complaint "to add allegations concerning the U.S. patent 7,754,699 ('699'), the violation of Constitutional property rights, and [Emory's and VAMC's] vicarious liability under the doctrine of respondeat superior."  Doc. 42 ¶ 1.

## II.  APPLICABLE LEGAL STANDARDS

### A.  *Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) authorizes a motion to dismiss based on the defense that the court lacks personal jurisdiction.  "The plaintiff has

the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002).  If the plaintiff sustains that burden, the "burden shifts to the defendant to make a *prima facie* evidentiary showing, by affidavits or otherwise, that personal jurisdiction is not present. . . .  If the defendant sustains that responsibility, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint." *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). "However, the allegations in the complaint still must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Mercantile Capital*, 195 F. Supp. 2d at 1247 (citing *S & Davis Int'l.*, *Inc. v. Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000)).

## B.    *Subject-Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on the defense that the court lacks subject-matter jurisdiction.  "Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir.

2003) (citation omitted).  Facial attacks are based on the allegations in the

complaint, which the court must take as true in deciding whether to grant the

motion.  *Id.*  Factual attacks challenge subject matter jurisdiction "in fact,

irrespective of the pleadings," and the court "may consider extrinsic evidence" in

ruling on a factual challenge.  *Id.*  In such a case, "the trial court is free to weigh

the evidence and satisfy itself as to the existence of its power to hear the case.  In

short, no presumptive truthfulness attaches to plaintiff's allegations, and the

existence of disputed material facts will not preclude the trial court from

evaluating for itself the merits of the jurisdictional issue."  *Id.* at 925 (citation

omitted).  However, a court may only find that it lacks subject matter jurisdiction

"if the facts necessary to sustain jurisdiction *do not implicate the merits of*

*plaintiff's cause of action*." *Id.* (citations omitted) (emphasis in original).  When a

jurisdictional challenge implicates the merits of the plaintiff's claim, the court

must "find that jurisdiction exists and deal with the objection as a direct attack on

the merits of the plaintiff's case."  *Id.* (citations omitted).  This ensures "a greater

level of protection for the plaintiff who in truth is facing a challenge to the validity

of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56

. . . both of which place great restrictions on the district court's discretion."  *Id.*

(citations omitted) (alterations in original).

9

**C.**   ***Failure to State a Claim Upon which Relief may be Granted***

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id*; s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (citation omitted)).  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true.  *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)*.*  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *Iqbal*, 129 S. Ct. at 1950.

# III.  ANALYSIS

*A.     Personal Jurisdiction*

As noted, Clark, as the plaintiff, bears the initial burden of alleging facts

that establish a *prima facie* case of personal jurisdiction over nonresident

defendants Schinazi and Emory.  *See Meier*, 288 F.3d at 1268-69.  In the

complaint, however, Clark fails to allege specific grounds that Schinazi and Emory

are subject to personal jurisdiction in Alabama.  Nevertheless, liberally construing

the *pro se* pleading, *Hughes*, 350 F.3d at 1160, throughout the complaint Clark

includes the following facts that reference Alabama:  (1) Clark currently resides in

Birmingham, Doc. 1 ¶ 1; (2) "Schinazi wrote to Clark in Alabama, attempting to

recruit him to work as a chemist for Pharmasset," Doc. 1 ¶ 20; (3) "Clark signed

the [employment] agreement in Madison County, Alabama, and the employment

agreement lists his Harvest, Alabama, address," Doc. 1 ¶ 21; and (4) "[a]fter Clark

returned to Alabama [upon resigning from Pharmasset], Schinazi continued to

communicate via phone and email with Clark about his patents, assignments, and

other agreements through at least October 2006," Doc. 1 ¶¶ 35-36.

Schinazi and Emory each moved to dismiss the action for lack of personal

jurisdiction, and they have submitted affidavit evidence demonstrating that they

each have very limited contacts with Alabama.  Therefore, the burden shifts back

to Clark to produce evidence supporting personal jurisdiction over Schinazi and Emory.  For the reasons discussed below, the court concludes that Clark fails to meet this burden.[3]

"A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-36 (11th Cir. 2000) (citations omitted).  Alabama's long-arm provision, Rule 4.2(b), Ala. R. Civ. P., "extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions." *Hiller Invs. Inc. v. Insultech Group, Inc.*, 957 So. 2d 1111, 1115 (Ala. 2006).  Therefore, for the purpose of determining personal jurisdiction, due process guaranteed under the Alabama Constitution is coextensive with that guaranteed under the United States Constitution.  *Id*.

The United States Supreme Court has determined that states may exercise

---

[3]Notably, Clark asserts, in response to Schinazi's motion to dismiss, that "[t]he court has jurisdiction over Schinazi because he is a federal employee and the case alleges violation of federal law."  Doc. 19 at 2.  Clark is correct that the complaint alleges violations of federal law, however, the federal law specified in the complaint does not provide a private right of action.  *See* 28 U.S.C. § 1331 (providing that district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").  Specifically, Clark alleges violations of 18 U.S.C. §§ 208 and 209, which are *criminal* statutes, and 5 C.F.R. § 2635.802, which outlines standards of ethical conduct for employees of the executive branch.  Because Clark fails to allege violations of laws of the United States that create federal, private rights of action, this court does not have federal-question jurisdiction over this action.

"general" or "specific" jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 41-415 nn.8 and 9 (1984).  A state exercises general jurisdiction when the suit does not arise out of or relate to the defendant's contacts with the forum. *Id*. at 415 n.9.  By contrast, the state exercises specific jurisdiction when the suit does arise out or relate to the defendant's contacts to the forum state. *Id.* at 414 n.8.  In either case, due process requires that the defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted).  Furthermore, the defendant must have purposefully availed itself of the forum such that it could reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

   1.  *General Jurisdiction*

   To support general jurisdiction, a defendant's contacts with the forum state must be "continuous and systematic."  *Elliott v. Van Kleef*, 830 So. 2d 726, 731-33 (Ala. 2002).  In the complaint, Clark failed to allege that Schinazi or Emory had continuous and systematic contacts with Alabama.  However, Clark states, in response to Emory's motion to dismiss, that Schinazi and Emory "regularly conduct[] business in the Northern District of Alabama through [the] Southern

Research Institute and University of Alabama ('UAB'), both in Birmingham,

Alabama, and therefore ha[ve] substantial and continuous contacts within this

judicial district."  Doc. 29, at 12-13.  Additionally, Clark contends that "[c]ontacts

exist between Emory and Schinazi with Alabama through several license

agreements between Emory, Pharmasset, and UAB for the discovery,

development, and commercialization of antiviral compounds."  Doc. 29 at 13.

Clark supports these contentions with news articles about the development and

commercialization of a hepatitis *B* drug on which Schinazi and a professor from

UAB collaborated.  Doc. 29-1.  Clark also includes news articles regarding the

participation of UAB, Emory, and the Southern Research Institute in a consortium

of academic institutions known as The Southeast Regional Center of Excellence in

Biodefense and Emerging Infections, the collaboration of UAB and Emory on a

center for geriatric medicine, and the appointment of a professor of law at Emory

as a director of Pharmasset.  Doc. 29-1.

     Schinazi and Emory dispute Clark's characterization of their respective

relationships with UAB and the Southern Research Institute as continuous and

systematic.  Specifically, Emory produced an affidavit from Todd Sherer, the

director of the Office of Technology Transfer for Emory, who testified that Emory

has entered into three inter-institutional agreements ("IIAs") with UAB and that

these agreements involve "occasional" and "limited" contacts with Alabama.  Doc. 37-1 ¶¶ 3, 8.  Sherer explained that research institutions typically enter into IIAs to define the ownership interests to technologies developed from the collaborations of researchers at two different institutions.  Doc. 37-1 ¶ 3.  Sherer testified that Emory and UAB have entered into IIAs to govern the commercial exploitation of technologies arising from research activities "*conducted by each party at that party's own institution*," and that none of these agreements relate to PSI-6130.  Doc. 37-1 ¶ 5 (emphasis added).  Further, Sherer testified that "[t]he amount of contact between Emory personnel and the state of Alabama due to the Emory-UAB IIAs . . . is minimal," and that, in his seven years at Emory, he was aware of only two occasions in which Emory employees traveled to Alabama in connection with the agreements.  Doc. 37-1 ¶ 7.  Lastly, Sherer asserted that Emory, UAB, and the Southern Research Institute are members of the Southeast Regional Center of Excellence in Biodefense and Emerging Infections and that while this academic consortium may involve sharing of information between parties in different states, "there is no reason to believe that [the academic collaborations] involve any substantial activity of 'business' by a participant outside of that participant's home state."  Doc. 37-1 ¶ 12.

Based upon Sherer's affidavit, Emory contends that, while it has

15

collaborated with UAB and the Southern Research Institute to conduct research, it is misguided and inaccurate to characterize Emory's participation in these collaborations as directed at Alabama or conducting business in Alabama. Doc. 37 at 5. The court agrees. Sherer's affidavit, in addition to the affidavits of Schinazi, Murphree, and Cook, demonstrate that Emory and Schinazi have only attenuated contacts with Alabama that have primarily arisen from isolated research collaborations. Clark has not submitted evidence indicating a continuous and systematic relationship between Schinazi or Emory and Alabama, and, consequently, Clark has failed to establish that this court may exercise general jurisdiction over Schinazi and Emory.

  2.  *Specific Jurisdiction*

  In contrast to general jurisdiction, "[s]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consolidated Dev. Corp. v. Sherritt, Inc*., 216 F.3d 1286, 1291 (11th Cir. 2000). First, as to Emory, the only allegations within the complaint that connect Emory and the cause of action are (1) that Emory is a shareholder in Clark's former employer, Pharmasset, and (2) that Emory has received royalty payments related to PSI-6130 from Pharmasset. The court finds that Emory could not have reasonably anticipated being haled into court in this action in Alabama

because of its ownership interest in Pharmasset, a Georgia corporation.  Clark has

failed to allege facts indicating that Emory should have known that Clark had

allegedly signed his employment agreement, assigning his rights to PSI-6130 to

Pharmasset, in Alabama.  Further, Clark failed to allege facts indicating that

Emory entered into an agreement with Clark or that it made misrepresentations to

Clark.  Because Clark has not alleged facts connecting Emory's activities in

Alabama and this action, Emory is not subject to specific jurisdiction in this court.

As to Schinazi's contacts with Alabama, Clark alleges that Schinazi mailed

a recruitment letter to Clark's address in Alabama, and that "Clark signed the

[employment] agreement in Madison County, Alabama, and the employment

agreement lists his Harvest, Alabama, address."  Doc. 1 ¶¶ 20, 21.  Schinazi

challenges whether these contacts are sufficient to establish specific jurisdiction

over him because, he says, Clark has sued him in his individual capacity and that

all his contacts with Alabama were on behalf of Pharmasset.  Doc. 44 at 14-15.

Schinazi's affidavit confirms that he mailed a recruitment letter to Clark's address

in Alabama, but Schinazi testified that he sent the letter on behalf of Pharmasset.

Doc. 15-1 ¶ 6.  Indeed, Clark attached to the complaint a copy of the letter and the

employment agreement and both documents indicate that Schinazi's alleged

contact with Alabama was solely on behalf of Pharmasset.  Docs. 1-1 and 1-2.

Schinazi signed the recruitment letter "on behalf of Pharmasset, Inc.," and the employment agreement states that it is "by and between Pharmasset, Inc., a Georgia corporation (the 'Company'), and Jeremy L. Clark ('Employee')."  Docs. 1-1 and 1-2.  Further, Clark generally alleges in the complaint that "*Schinazi acted as an agent of Pharmasset* even though he was being compensated by Emory and the VAMC for performing identical research."  Doc. 1 ¶ 6 (emphasis added).  As noted above, Pharmasset is not a party to this action, and, in response to Schinazi's arguments, Clark has not disputed that Schinazi is sued only in his individual capacity.

The court concludes that Clark has neither alleged nor established that Schinazi, *individually*, directed activities related to this cause of action toward Alabama.  Consequently, Clark has not demonstrated that Schinazi has sufficient minimum contacts with Alabama for this court to sustain jurisdiction over him.  Therefore, this court's exercise of jurisdiction over Schinazi would offend traditional notions of fair play and substantial justice.  *See Int'l Shoe Co.,* 326 U.S. at 316.

Because neither Emory nor Schinazi are subject to general or specific jurisdiction in this court, both parties are dismissed from this action.

**B.      Subject-Matter Jurisdiction**

VAMC, an agency of the United States, argues that this court lacks subject-matter jurisdiction over it because Clark failed (1) to allege any valid jurisdictional basis for his claims against the United States pursuant to Rule 8(a)(1), Fed. R. Civ. P., (2) to file the requisite administrative-tort claim to the United States Department of Veterans Affairs before commencing this action, 28 U.S.C. ¶ 2675(a), and (3) to state a claim upon which relief may be granted.   Doc. 34.

Although Clark fails to reference the FTCA, § 28 U.S.C. §§ 2671, *et seq.*, in the complaint, VAMC notes that Clark likely intended to bring his claims against VAMC sounding in tort--fraud/deceit, suppression/concealment, and conversion--under the act.  The FTCA provides federal jurisdiction for "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  However, VAMC notes that as a prerequisite to filing suit under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). *See also Mann v. Pierce*, 803 F.2d 1552, 1554 (11th Cir. 1986) (holding that the

FTCA "requires plaintiffs to exhaust administrative remedies before bringing tort actions against a federal agency").   "This requirement is jurisdictional and cannot be waived." *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984).

It is undisputed that Clark did not file an administrative claim with the Department of Veterans Affairs before filing the instant action.  Doc. 34-1.  After VAMC raised this issue in its motion to dismiss, Clark allegedly filed a claim with the Department of Veterans Affairs on September 14, 2010.  *See* Doc. 44 at 2. Clark contends that this court is not required to wait for an administrative decision on his claim, and, therefore, he contends that, because he has now filed an administrative claim, this court may retain subject-matter jurisdiction of this action.  Doc. 44 at 2 (citing *United States v. Gulf States Asphalt Co.*, 472 F.2d 933, 936-37 (5th Cir. 1973)).  This argument is misguided because, although the court is not required to wait for an administrative *decision* before proceeding in a tort action against a federal agency, 28 U.S.C. § 2675(a) provides that as a *prerequisite* to filing a FTCA suit against the United States, a plaintiff *must* present notice of his or her claim to the appropriate federal agency.  Only after the denial of the administrative tort claim or after six months have passed since the submission of the claim may a plaintiff bring suit in federal court.  *See* 28 U.S.C. § 2675(a).

The United States Supreme Court has held that, if a claimant files a tort action against a federal agency and subsequently files an FTCA administrative claim, the suit is premature and *must* be dismissed.  *See McNeil v. United States*, 508 U.S. 106, 110 (1993) (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); *see also Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (holding that "pursuant to 28 U.S.C. § 2675(a), it is essential that a proper administrative claim first be filed before suit in district court can be commenced").  The Supreme Court reasoned that "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions," and that "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Id*. at 112 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).  Therefore, because Clark did not file an administrative claim before commencing this action, the court lacks subject-matter jurisdiction over his claims against VAMC sounding in tort--fraud/deceit, Count I, suppression/concealment, Count II, and conversion, Count VII.

As to Clark's claim of unjust enrichment, VAMC asserts that, to the extent the claim sounds in tort, dismissal is also warranted for lack of subject-matter

jurisdiction based on Clark's failure to file an administrative claim before

commencing this action.  Alternatively, VAMC asserts that, to the extent the claim

sounds in contract and seeks recovery in excess of $10,000, this court lacks

subject-matter jurisdiction because only the United States Court of Federal Claims

has jurisdiction over such claims.  Doc. 34 at 2 (citing 28 U.S.C. §§ 1346, 1491).

VAMC notes that Clark does not quantify the amount of his claims sounding in

contract, but that Clark alleges that "[h]e has not been paid one penny for his

invention, while Schinazi, Emory, and the VAMC continue *to reap millions* on

account of Clark's inventions."  Doc. 1 ¶ 70 (emphasis added).  In responding to

VAMC's motion to dismiss, Clark failed to address VAMC's argument that

dismissal is warranted on the unjust-enrichment claim for lack of subject-matter

jurisdiction.  Issues not addressed in response to a motion are deemed waived.  *See*

*e.g., Goldman v. Bracewell & Guiliani, L.L.P.*, 183 Fed. Appx. 873 (11th Cir.

2006); *Iraola & CIA S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir.

2003).

The court finds that Clark's unjust enrichment claim against VAMC sounds

in contract because the claim arises from the alleged license *agreements* between

Pharmasset and VAMC and Clark's employment *agreement* with Pharmasset.

Further, based on the allegations in the complaint that Schinazi, Emory, and

VAMC will "reap millions" from these agreements and Clark's failure to dispute

that his unjust enrichment claim seeks more than $10,000, the court finds that the

United States Court of Federal Claims has exclusive jurisdiction over Clark's

unjust-enrichment claim.  Congress has limited the jurisdiction of this court to a

> "civil action or claim against the United States, *not exceeding
> $10,000 in amount*, founded either upon the Constitution, or any Act
> of Congress, or any regulation of an executive department, or upon
> any express or implied contract with the United States, or for
> liquidated or unliquidated damages in cases not sounding in tort,
> except that the district courts shall not have jurisdiction of any civil
> action or claim against the United States founded upon any express or
> implied contract with the United States or for liquidated or
> unliquidated damages in cases not sounding in tort which are subject
> to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

28 U.S.C. 1346 (emphasis added).  In contrast, 28 U.S.C. § 1491 provides that the

United States Court of Federal Claims has jurisdiction over "any claim against the

United States founded either upon the Constitution, or any Act of Congress or any

regulation of an executive department, or upon any express or implied contract

with the United States, or for liquidated or unliquidated damages in cases not

sounding in tort" without any monetary limitations.  Accordingly, this court lacks

subject-matter jurisdiction over Clark's unjust-enrichment claim against VAMC.

VAMC contends that the remaining counts of the complaint--rescission,

Count III, declaratory judgment, Count IV, and constructive trust, Count V, are

simply the equitable relief Clark seeks based on his other tort and contract claims, not additional causes of action against the United States.  Because this court lacks subject-matter jurisdiction over Clark's tort and contract claims, VAMC contends that the remaining counts seeking equitable relief fail to state claims against it upon which relief may be granted.  Further, VAMC asserts that the counts of rescission, declaratory judgment, and constructive trust fail to state claims upon which Clark may find relief because Clark fails to allege that VAMC entered into any agreements with Clark or that VAMC made any misrepresentations or otherwise defrauded Clark.  Clark failed to address these arguments in his response to VAMC's motion to dismiss.  Doc. 44.  Again, issues not raised in response to a motion are deemed waived.  *See Goldman*, 183 Fed. Appx. at 873 and *Iraola*, 325 F.3d at 1284.

The court agrees with VAMC that Clark's claims of rescission, Count III, declaratory judgment, Count IV, and constructive trust, Count V, seek equitable relief with no cause of action upon which this court maintains subject-matter jurisdiction.  Accordingly, VAMC is entitled to dismissal of all Clark's claims against it for lack of jurisdiction over the subject matter, Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim upon which relief may be granted, Rule

12(b)(6), Fed. R. Civ. P.[4]

## C.   *Clark's Motion for Leave to File an Amended Complaint*

After Schinazi, Emory, and VAMC moved to dismiss, Clark filed a Motion for Leave to File an Amended Complaint "to add allegations concerning the U.S. patent 7,754,699 ('699'), the violation of Constitutional property rights, and [Emory's and VAMC's] vicarious liability under the doctrine of respondeat superior." Doc. 42 at 1.  Because Clark may no longer amend the complaint "as a matter of course," Fed. R. Civ. P. 15(a)(1), his motion is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

---

[4]The court finds it unnecessary to address VAMC's argument that the court lacks subject-matter jurisdiction over the claims against it because Clark failed to identify the specific waiver of sovereign immunity that permits his claims against the United Sates.

Schinazi, Emory, and VAMC all assert that the amendment is futile because, they say, the proposed amendment fails to cure the defects in the original complaint.  The Eleventh Circuit has held that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).  Here, Clark does not assert that the amended complaint alleges additional factual allegations to support this court's exercise of personal jurisdiction over Schinazi and Emory or provides a new basis for subject-matter jurisdiction over his claims against VAMC.  Accordingly, even if the court granted leave, this action "would still be properly dismissed." *Cockrell*, 510 F.3d at 1310 (citing *Hall*, 367 F.3d at 1263).  Therefore, the court finds that Clark's Motion for Leave to File Amended Complaint, doc. 42, is futile, and due to be denied.

## IV.  CONCLUSION

For the reasons stated above, the motions to dismiss Clark's complaint by Schinazi, Emory, and VAMC are GRANTED.  Docs. 13, 24, and 34. Additionally, Clark's Motion for Leave to File an Amended Complaint, doc. 42, is DENIED as futile.

The Clerk is DIRECTED to send a copy of this opinion to Clark.

DONE this 20th day of December, 2010.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE